**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

MAY 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PARDEEP KUMAR,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   15-72281<br><br>Agency No. A088-572-484<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2019[**]
San Francisco, California

Before:   HAWKINS and M. SMITH, Circuit Judges, and VRATIL,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathryn H. Vratil, Senior United States District Judge
for the District of Kansas, sitting by designation.

Pardeep Kumar, a native and citizen of India, filed applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). An immigration judge ("IJ") denied relief and the Board of Immigration Appeals ("Board") affirmed. Kumar petitions for review, arguing that although he has never been politically active, he suffered persecution in India because of his father's political beliefs, which the government imputed to him. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and for reasons stated below, we deny Kumar's petition.

## I. Asylum

Substantial evidence supports the IJ's determination that Kumar was not credible. Among other factors, an IJ may consider the applicant's "demeanor, candor, or responsiveness, . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements, . . . the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions)." 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ found that in contrast to his detailed declaration, Kumar's testimony was vague and lacked detail. See Shrestha v. Holder, 590 F.3d 1034, 1040 (9th Cir. 2010) ("[E]ven though lack of detail is not expressly listed as a factor that may be

2

considered, the pre-REAL ID Act practice of looking to the level of detail of the claimant's testimony to assess credibility, remains viable under the REAL ID Act as it is a 'relevant factor.'") (internal citations omitted).

The IJ also stated that Kumar rambled and was visibly nervous, particularly when he gave a non-responsive answer, that he did not answer spontaneously, and that he appeared to be "making it up or buying time." She also observed that Kumar was emotional when discussing his parents' illnesses but appeared "unconcerned" when he recounted the harm that he allegedly experienced at the hands of Punjab police. When the IJ adequately references specific examples of noncredible aspects of petitioner's demeanor, we will not substitute our "second-hand impression of the petitioner's demeanor, candor, or responsiveness for that of the IJ." Jibril v. Gonzales, 423 F.3d 1129, 1137 (9th Cir. 2005) (citation omitted).

The Board also addressed the IJ's reliance on background evidence of India's current situation and agreed with the IJ that Kumar's testimony was not plausible in light of that evidence. Thus, in light of the totality of the evidence, substantial evidence supports the Board's decision to affirm the denial of relief based on the lack of credible testimony. The Board properly applied the standards of the REAL ID Act in affirming the IJ's adverse credibility finding. Kumar fails to demonstrate that the evidence *compels* a contrary result. See Aden v. Holder, 589 F.3d 1040,

1046 (9th Cir. 2009). Because substantial evidence supports the Board's conclusion that Kumar did not testify credibly, his argument that he established past persecution based on such testimony necessarily fails.

Kumar contends he nonetheless established a well-founded fear of future persecution. The IJ determined that the documentary evidence did not support Kumar's claims that police targeted Hindus as well as Sikhs and that he would likely be a target of persecution. Although reports indicate that government officials in India often commit human rights violations with impunity, Kumar does not cite specific evidence that indicates that as a non-politically active Hindu, he in particular will be targeted. Because substantial evidence supports the Board's decision that Kumar did not establish a well-founded fear of future persecution, we need not address the IJ's alternate finding that Kumar could safely relocate within India.

## II. Withholding of Removal

To qualify for withholding of removal, Kumar must prove a clear probability (i.e., more likely than not) that upon return to his home country, his life or freedom will be threatened based on a protected ground. Ahmed v. Holder, 504 F.3d 1183, 1199 (9th Cir. 2007). Because Kumar fails to satisfy the lower standard of proof for asylum, he necessarily fails the more stringent standard for withholding of

4

removal. <u>Delgado-Ortiz v. Holder</u>, 600 F.3d 1148, 1152 (9th Cir. 2010). Accordingly, the Board did not err in holding that Kumar is not entitled to withholding of removal.

## III. Protection Under the CAT

The Board affirmed the IJ's conclusion that Kumar's testimony and documentary and background evidence do not establish that it is more likely than not that he will suffer torture from a government official or person acting in an official capacity upon return to India. 8 C.F.R. § 208.16(c)(2); <u>Delgado-Ortiz</u>, 600 F.3d at 1152. Where, as here, an applicant's testimony is found not credible, we will reverse the Board's decision to deny CAT protection only if the country reports alone compel the conclusion that Kumar is more likely than not to be tortured upon return. <u>Almaghzar v. Gonzales</u>, 457 F.3d 915, 922-23 (9th Cir. 2006).

Although the reports confirm that law enforcement officers sometimes misuse the law to target political opponents and that government officials often act with impunity, they do not compel the conclusion that Kumar will be tortured if returned to India. Moreover, Kumar's general assertion of human rights violations in India does not compel the conclusion that he faces a likelihood of torture if he returns. See <u>Delgado-Ortiz</u>, 600 F.3d at 1152. Thus, we defer to the IJ and Board's determination that protection under the CAT is unavailable.

## Conclusion

Substantial evidence supports the Board's decision to affirm the IJ's denial of relief. Kumar fails to present evidence which would compel the conclusion that the IJ and Board erred in finding that he did not testify credibly, failed to establish past persecution based on political opinion, failed to demonstrate a well-founded fear of future persecution, and failed to demonstrate a likelihood that he will be tortured if he returns to India.

**PETITION FOR REVIEW DENIED.**